70 So.2d 901 (1954)
OCEAN VILLA APARTMENTS, Inc.
v.
CITY OF FORT LAUDERDALE.
Supreme Court of Florida. Division A.
March 9, 1954.
Rehearing Denied April 1, 1954.
R.R. Saunders & George H. Gore, Fort Lauderdale, for petitioner.
Thomas O. Berryhill, Fort Lauderdale, for respondent.
TERRELL, Justice.
In December 1939, Mary J. Kelso, a widow, was the owner of the north 32 feet of Lot 8, Block B, Edgewater addition to the City of Fort Lauderdale, which she conveyed to Ocean Villa Apartments, Inc., a Florida corporation. March 18, 1947, the electors of the City of Fort Lauderdale, hereinafter referred to as the city, approved Ordinance C-514, the effect of which was to reduce the depth of Lot 8, Block B, by 50 feet, leaving only 17 feet of depth that could be used for building or other useful purposes. In December 1939 and again in December 1940 Mary J. Kelso applied to the city for a permit to erect a building on said lot which was granted on condition that it conform to setback lines for widening Federal Highway. It was also agreed that if the city later decided that it was necessary to acquire a portion of said strip of land for street widening purposes and that it be necessary to "remove or destroy a portion of the buildings constructed on said lands" Mrs. Kelso, her heirs and assigns, would waive any and all "claims for damages on account of having to repair or reconstruct said improvements by reason of the widening of said street."
In November 1952, Ocean Villa Apartments filed its petition for declaratory decree against the city in which it alleged the foregoing and the further fact that it acquired title to the lands in question from Mrs. Kelso. To the petition was attached a copy of Ordinance C-514 and the agreements between the city and Mrs. Kelso relating to the building permits. The petition further alleged that the setback requirements of said ordinance reduced the useful lot area of petitioner to a depth of 17 feet, which was not sufficient to permit any use whatsoever of the property for which it was suited, but did in fact deprive the owner of any valuable use thereof. The petition recited that petitioner having acquired title from Mrs. Kelso and being in doubt as to its rights prayed for a declaratory decree as to the effect of said ordinance and agreements between Mrs. Kelso and the city thereon. The petition also prayed that said *902 agreements and the ordinance be declared void and that defendant be enjoined from enforcing them.
The answer admitted all material allegations of the petition except it denied that the setback imposed by Ordinance C-514 prohibited Mrs. Kelso making any use whatsoever of her property for which it was suited. The answer also denied that the ordinance and agreements were invalid or constituted a cloud on plaintiff's title. The answer further alleged that plaintiffs and their predecessors in title are estopped to contest the validity of said agreements and Ordinance C-514 because the ordinance was lawfully approved by the electorate of the city, that the agreements were on record and petitioner had notice of them when it acquired title. Motion for decree on Bill and Answer was overruled. Motion for summary decree as authorized by 31 F.S.A. Equity Rule 40 supported by affidavits was then filed but no counter affidavits were filed by the city. This motion was denied and petitioners have brought that order here for review by certiorari.
The point for determination is whether or not the chancellor committed error in denying petitioner's motion for summary decree.
Petitioner contends that ordinance C-514 amounted to an unlawful appropriation of the property of Mrs. Kelso in that it limited the useful area to a depth of 17 feet. Five affidavits were offered in support of this contention but no counter affidavits were proffered by the city. Petitioner contends that in this situation the contents of its affidavits must be taken as true. McGregor v. Hosack, Fla., 58 So.2d 513; Allen v. Radio Corporation of America, D.C., 47 F. Supp. 244; Winrod v. McFadden Publication, Inc., D.C., 62 F. Supp. 249, are relied on to support this contention. The affidavits filed by petitioner support the contention that the ordinance in reducing the building area of the property to 17 feet in depth deprived the owner of its beneficial use.
This court is committed to the doctrine that when the application of a zoning ordinance has the effect of completely depriving the owner of the beneficial use of his property by precluding the only use to which it is reasonably adapted, an attack on the validity of the ordinance as applied to the particular property involved will be sustained. State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4; Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642.
The city meets this doctrine with the contention that it made an agreement with Mrs. Kelso whereby she was granted permits to erect buildings on a portion of the property in question, although it violated the building setback line under the ordinance in effect at the time. In consideration of the permit to extend her buildings over the setback line, she agreed to remove any portion of said buildings when called on if necessary for street widening purposes without cost to the city, the city being bound to pay only the cost of the land. At the time the buildings were erected the setback line had been established so the ordinance was not material.
The affidavits filed with the petition were each signed by experienced real estate brokers and show that the setback requirements reduced the value or usefulness of the lands to a mere fraction of what they worth if the setback requirements were not imposed and such requirements reduce the building area of the lot to 17 feet in depth and does in fact deprive the owner of the beneficial use of the property by precluding all uses to which it may be reasonably adapted. With these affidavits before him the chancellor denied the motion for summary judgment, presumably on the theory that the case should be decided after evidence on the issues and adversary argument. The chancellor had a reasonable discretion in the matter and we cannot see that it was abused, so we must decline to reverse him on this point. Whether or not the setback was arbitrary and unreasonable *903 or an abuse of the police power we express no opinion at this time.
As to validity of the two agreements between Mrs. Kelso and the city, it is sufficient to say that they had nothing to do with the value of the land if it was lawfully taken. They did nothing more than relieve the city of any claim by Mrs. Kelso to "repair or reconstruct" the improvements by reason of widening the streets. Whether the agreements were executed on the part of Mrs. Kelso by duress, we do not now decide.
The petition for certiorari is therefore denied.
ROBERTS, C.J., concurs specially.
SEBRING and MATHEWS, JJ., concur.
ROBERTS, Chief Justice (concurring specially).
I concur in the opinion by Mr. Justice TERRELL denying certiorari for the reasons therein stated.
I think it should be made clear, however, that there were two issues involved in the proceedings below: (1) whether the ordinance was invalid as depriving the petitioner of all beneficial use of its property, and (2) whether the two agreements are enforceable against petitioner, as contended by respondent. If the second issue is determined in the respondent's favor, then the lower court might well decline to consider the first question. This is so because the only injury claimed by petitioner as the result of the enforcement of the ordinance against it is that it is unable to get a mortgage loan and title insurance on its property because of the existence of the agreements in question. Thus, if the petitioner is found to be bound by the agreements, it can make no difference to petitioner whether the ordinance is declared to be valid or invalid, insofar as the agreements are concerned; and it is not alleged that the petitioner is adversely affected by the ordinance in question in any other respect. On the contrary, it is admitted that the petitioner and its predecessor in title have been using the property without regard to the setback line established by the ordinance since 1939, under a building permit issued in that year to petitioner's predecessor in title. No contention is made that the respondent has revoked or intends to revoke such building permit.
No authority need be cited for the proposition that one who attacks the validity of an ordinance or statute must show that he has sustained or is immediately in danger of sustaining some direct injury as a result of its enforcement; it is not within the province of the courts to determine whether a statute or ordinance is abstractly valid or invalid. And, in the circumstances hypothesized above, it is clear that only an abstract question would be presented on the question of the validity of the ordinance.