PEARSON, Judge.
This appeal[1] is concerned with the same “grandfather clause” which we had occasion to consider in State of Florida ex rel. Greenberg v. Dade County, Fla.App. 1960, 120 So.2d 625. In that case we held, upon an appeal from a judgment denying writ of mandamus, that the appellant, who was petitioner below was entitled to an unrestricted certificate of competency as master electrician upon proof submitted to the Examining Board that he had, actively, continuously and properly engaged in the trade concerned in the unincorporated area of Dade County for a period of five years immediately prior to the effective date of this chapter [ordinance 57-25] as evidenced by county certificates of competency and state and county occupational licenses covering such five year period.[2]
In the instant appeal the appellants assign as error an order granting a motion to dismiss a complaint for declaratory decree. They allege therein that, “ * * * by reason of their being holders of state and county licenses and certificates of competency for more than five (5) years next prior to the date of the adoption of ordinance[s] 57-25 they are entitled to county licenses as master plumbers * * *.” and that they have complied with said ordinance in their application for county licenses and have been issued licenses restricted to the city of Homestead.
It will be noted that in the Greenberg case, above cited, that Mr. Greenberg submitted proof of more than five years licensed participation in the unincorporated area of Dade County. In the instant case the appellants alleged that they were “holders of State and County licenses and certificates of competency for more than five years.”
It is possible that these appellants may not be able to bring themselves under section 17.06(A) (2) of ordinance 57-25 and that, as contended by the county, their rights are governed by another section of *134 that ordinance. The interlocutory order appealed does not deny to plaintiffs further amendment; however since the amended complaint does not specify the section under which the plaintiffs claim their rights the trial judge correctly entered the order of dismissal.
Inasmuch as the chancellor specifically placed his order of dismissal upon the ground that:
“ * * * the plaintiffs have applied for and received certain benefits under the ordinance promulgated by the defendants the constitutional validity of which the plaintiffs seek to attack, therefore the plaintiffs are estopped to challenge the validity of said ordinance.”,
it is necessary to point out that this ground was considered and held to be without merit in the Greenberg case, above cited. It should, however, be noted that the chancellor entered the order appealed prior to the decision in the last mentioned case and did not have the benefit of our holding therein.
Next it must be considered whether mandamus (as used in the Greenberg case) is an exclusive remedy under the circumstances here presented. We hold that it is not, since the complaint for declaratory decree is within the scope of section 87.01 Fla.Stat., F.S.A., and declaratory relief is not precluded by the existence of another adequate remedy. Section 87.12 Fla.Stat., F.S.A.
Subsequent to the entry of the order appealed, the chancellor upon stipulation of the county and the various parties involved entered an order providing that two additional cases were consolidated with the case under appeal and that the record in the case appealed be considered the record for all three cases. While this order is not sufficient to extend the scope of the mandate in this appeal inasmuch as it was entered after jurisdiction of the subject appealed had been transferred to this court, yet the trial court in its commendable effort to avoid a multiplicity of appeals may be able to carry into effect the purpose of the order of consolidation, by giving effect to the stipulation, in the proceeding pursuant to this opinion.
For the reasons stated the interlocutory order appealed is affirmed with directions to allow amendment of the complaint if application therefor is properly and timely made.
Affirmed.
CARROLL, CHAS., J., and HALL, W. TROY., Jr., Associate Judge, concur.

. The parties have treated it as an appeal from a final decree. It is apparent that the order appealed is an interlocutory order in chancery, since it merely grants the motion to dismiss. E.g., Weinmann v. Ligon, Fla.App.1958, 105 So.2d 204; Herpel, Inc. v. Pfundston, Fla.App.1958, 104 So.2d 620. We have therefore so. treated the appeal.

. Metropolitan Dade County, Ordinance 57-25, section 17.06(A) (2).