153 So.2d 64 (1963)
HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, et al., Appellants,
v.
TWIN LAKES MOBILE HOMES VILLAGE, INC., Appellee.
No. 3508.
District Court of Appeal of Florida. Second District.
April 24, 1963.
Rehearing Denied May 24, 1963.
Brooks P. Hoyt, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants-intervenors.
Robert S. Edwards, Plant City, for appellant Hillsborough County.
Forrest O. Hobbs and Robert F. Nunez, Tampa, for appellee.
SMITH, Judge.
The defendant County, together with numerous intervenor-defendants, appeals from a final decree entered by Judge Moody and an amended final decree entered by Judge Maxwell. The amended final decree merely corrected a clerical error. The final decree is as follows:
"This is a proceeding under the declaratory judgment act brought by plaintiff which seeks to have its rights determined to permit the construction of a luxury mobile home village on the following described premises in Hillsborough County, Florida:
* * * * * *
"The property has been zoned R-2 (residential) by the County Commissioners of Hillsborough County. Plaintiff grounded its complaint upon equitable considerations of hardship and estoppel and upon the unconstitutionality of the zoning as applied to the subject property. On motion by pre-trial conference order all equitable consideration *65 was stricken as insufficient in law.
"This is a second appearance of this case before this Court. See Wood vs. Twin Lake[s] Mobile Home[s] Village, Inc., [Fla.App.] 123 So.2d 738. In the first appearance the zoning was held invalid by this Court as to the subject property, but on appeal the final decree was reversed on the grounds that, based on the record before the Appellate Court, the plaintiff had not exhausted its administrative remedies. The Court stated that `there is no showing in the record that appellee applied to the County Commissioners for consideration of this specific case,' and the Board of Adjustment had power to grant a variance. After the going down of the mandate the plaintiff filed this present suit in which it now appears in the record that plaintiff has applied to the County Commissioners for relief which application was denied and further appealed to the Board of Adjustment, which Board, after hearing a recital of the equitable and legal considerations, refused to take jurisdiction. The Board gave as grounds, among others, the provisions of Florida Laws of 1947, Chapter 29592, as amended by Florida Laws of 1953, Chapter 29131, relating to the power of the Board of Adjustment as follows:
"`(2) * * * nor shall it have any power to zone or permit uses in any district contrary to the general character of use permitted by the zone classification of such district.'
"This Court finds as a matter of fact and law plaintiff has exhausted its administrative remedies. It now appears questionable whether it was necessary for plaintiff to appeal to the Board of Adjustment, but it did so apparently, in an abundance of caution. There were no equitable grounds presented or proferred [sic] which would have legally permitted the Board of Adjustment to grant a variance or non-conforming use. Any such action by the Board would have been a pro tanto amendment of the basic zoning law which is unauthorized. As noted above, the Board of Adjustment has no authority to authorize a new and different use of the property from that in existence at the time of the effective date of the zoning act. At that time the property was not being used as a mobile home park. Thus it appears the Board, after hearing the appeal, properly refused to grant relief. This issue of fact was not before the Court or considered in the prior case.
"In line with the mandate in the prior case and the decision in Mayflower Property, Inc. v. City of Fort Lauderdale [Fla.App.], 137 So.2d 849, this Court determines plaintiff has exhausted its administrative remedies. Having thus determined it is unnecessary to consider the legal aspect of the necessity of exhausting the administrative remedies where the sole attack remaining in the complaint is a general attack on the zoning as being unconstitutional as applied to the subject property. See City of Miami Beach v. Pernell [Perell], [Fla.] 52 So.2d 906; Village of Euclid, Ohio v. Amber Realty Co., 272 U.S. 365, 74 [47] S.Ct. 114 [71 L.Ed. 303].
"Now turning to the primary issue before this Court concerning the unconstitutionality of the zoning as applied to the subject property, this Court finds that this property as well as the adjacent area in general had not been zoned prior to May 22, 1959. However, on this date the Board of County Commissioners of Hillsborough County classified and placed the property in Zone R-2 which permits one and two family dwellings, schools, public buildings, churches, nurseries, parks and playgrounds, golf courses except miniature courses, accessory buildings, non-commercial *66 boat docks and home occupations.
"The property is located over 20 miles from the City of Tampa. There are a number of lakes of various sizes in the area. It is generally a very sparsely settled woodland area which has shown very little growth in the past 20 years except for agricultural pursuits. During that time a considerable number of grove plantings were made of approximately 10-40 acres in size. Frequently there would also be constructed as an adjunct thereto a dwelling house and service buildings. However, in the past several years the area has begun to attract summer and year round residents. Construction in this category has been primarily for weekend and summer recreational purposes. An area of approximately 4000 acres was zoned by the County Commissioners as R-1 (single family residential). Approximately 900 acres were zoned R-2, two small areas of about 5 acres were zoned C-1 (neighborhood commercial). There is no R-3 (multiple family residence), C-2 (retail commercial), C-3 (light industrial) or M-1 (industrial) zoning. The surrounding area was zoned agricultural. Otherwise, the area in the northeastern part of the County was generally not zoned.
"This Court, by agreement of the parties, personally viewed the subject property and surrounding R-1 and R-2 areas very thoroughly. There is no commercial development in the area. One C-1 zone is vacant and the other has orange grove thereon. There is only one small neighborhood filling station in the entire area and this on property zoned R-1. There is considerable old grove, recent new grove plantings on marginal land, old and new cattle and horse ranches, private summer recreational areas, chicken ranches and truck farms in the area. Witnesses testified to, and the Court observed, a number of recent violations of the R-1 and R-2 zoning regulations including a house trailer in use and conspicuously located on the county park. There has been little sales or building activity in the over-all area. There is no community water, sewers, fire protection, police, doctors, schools, shopping centers or any comparable activity generally associated with and vital to a populated area. In short, the area around the subject property can be adequately described only by the use of the term `predominantly and primarily argicultural'.
"Attacks may be made on the constitutionality of a zoning law on a number of grounds such as the failure to follow the statute, lack of uniformity, complete deprivation of the beneficial use of one's property, hardship on a particular owner or that the zoning has no substantial relationship to the public health, safety, morals or general welfare of the community. The attack here in [sic] on the latter ground.
"The zoning in this case is based on esthetic considerations alone in the long range planning for the area. As commendable as the action by the County Commissioners may be which was taken at the request and insistence of the property owners of the area, nevertheless, any such plan must conform and give proper consideration to the rights of individual property owners to the development of property as may be desired except as under reasonable zoning regulations. Zoning based on esthetic consideration to preserve the beauty of a neighborhood, while making such a regulation desirable, does not in itself give vitality to such regulation. City of Miami Beach v. First Trust Co. [Fla.], 45 So.2d 681, Barney and Casey Co. v. Town of Milton, (Mass.) [324 Mass. 440] 87 N.E.2d 9, Smith v. Building Inspector for Township of Plymouth (Mich.) [346 Mich. 57], 77 N.W. (2) 332.

*67 "Although zoning regulations should be given serious consideration and judgment of the zoning authority great weight, where it is shown beyond question that the zoning has no substantial relation to the public health, safety, morals or general welfare, it is not reasonably or fairly debatable and must be held arbitrary, unreasonable and unconstitutional. J.H.S. Homes, Inc. v. County of Broward [Fla.App.], 140 So.2d 621, Stengel v. Crandon, et al. [156 Fla. 592], 23 So.2d 835 [161 A.L.R. 1228].
"The present zoning would prevent the use of plaintiff's property as well as the adjacent area for additional agricultural and farming purposes, the primary activity of the area. Even if zoning were proper there is noted the totally inadequate provisions of the adjacent area for public and private summer camps, commercial fishing, boating, swimming and general recreational area, trailer parks, boarding, lodging and guest homes, social lodges, commercial filling stations, shopping areas and similar activities. Mr. Harkness, the County Zoning Director, testified that he recommended to the Board of County Commissioners, the zoning classification as adopted but that such recommendations were not based on the health, safety, morale, or general welfare of the area. The zoning is entirely too restrictive and unreasonable based on evidence presented to this Court. The placing of this property in an R-2 zone is unjust, arbitrary and unreasonable and is without regard to the conditions existing and has no relation to the public health, safety, morals or general welfare of the area involved. The use of this property as a mobile home park with modern sanitary and sewage disposal facilities would not adversely effect the public health, safety, morals or general welfare of the area. In consideration thereof, it is
"ORDERED, ADJUDGED and DECREED as follows:
"(1) That this Court has jurisdiction of the parties involved and the subject matter.
"(2) That the plaintiff has exhausted its administrative remedies.
"(3) That the zoning of the property described herein as R-2 is unjust, arbitrary and unreasonable and the same is hereby determined and held to be void and of no effect as to the said property. The board of County Commissioners of Hillsborough County may re-zone the same, if desired, within 60 days of the effective date of this decree."
The appellants contend that the question as to whether or not the zoning regulation bears some reasonable relation to and is justified in the interest of the health, safety, morals and general welfare of the public falls within the "fairly debatable" rule and that the court, therefore, substituted its judgment for that of the County Commissioners who were the lawfully designated zoning authority. There is substantial competent evidence in the record to sustain the findings of the Chancellor as to this question, whereby he held that the zoning of the plaintiffs' property "has no substantial relation to the public health, safety, morals or general welfare, and it is not reasonably or fairly debatable and must be held arbitrary, unreasonable and unconstitutional." The conclusions of law thus reached on these facts are sustained by the authorities cited by the Chancellor.
This type of proceeding, rather than the method of review provided for under Florida Appellate Rule 4.1, 31 F.S.A., was the proper procedure. See Harris et al. v. Goff, Fla.App. 1963, 151 So.2d 642.
The plaintiffs properly alleged and proved that they had exhausted their administrative *68 remedies. As was stated in Mayflower Property, Inc. v. City of Fort Lauderdale, Fla.App. 1962, 137 So.2d 849, "The law does not require one to pursue administrative remedies before resorting to the courts where such remedy would be of no avail." Under the zoning laws applicable to Hillsborough County, cited by the Chancellor, neither the Zoning Director nor the Board of Adjustment has the power to zone or permit uses in any district contrary to the general character of use permitted by the zone classification in such district, and only the County Commissioners have the power to zone or rezone.
Having concluded that the final decree should be affirmed, it is unnecessary for us to consider the appellees' cross assignments of error.
Affirmed.
SHANNON, C.J., and WHITE, J., concur.