# JONES BOAT YARD, INC., et al. v. DADE COUNTY, FLORIDA, et al.

## Case No. 83-380-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 12, 1985

### APPEARANCES OF COUNSEL

**Anthony J. O'Donnell, Jr.,** for appellant.

**Robert A. Duvall** for appellee.

Before NADLER, KAYE, SIMONS, JJ.

### OPINION OF THE COURT

NADLER, Judge.

This appeal contains only one issue which is relevant to discuss. The issue involves the "police power" of the Board of County Commissioners. Appellees argue that the Board of Dade County Commissioners

can regulate the waterway leading into Palmer Lake under its broad "police power".

The county does have police power under *Knowles v. Central Allapatha*, 198 So.2d 819 (Fla. 1940), but this power has restrictions in its application and use. The Board in this instance seeks to impose a width requirement on the Appellant relying on the riparian rights of the adjacent lake owners and public navigation.

The validity of a police regulation depends on whether under all circumstances the regulation is reasonable or arbitrary and whether it is reasonably designed to accomplish a purpose falling within the scope of the police regulation.

Requirement #2 in Dade County Board Resolution herein, 1399-83 states:

"the permittee or any subsequent owner of the facility, shall maintain a minimum clearance of 38 feet in the waterway"

In order for the Board of County Commissioners to impose a width requirement under its police power, "a material adverse effect on the specified public interest must be proven". *Zabel v. Pinellas County Water & Navigation Control Authority*, 171 So.2d 376 (Fla. 1965). The examining body has the burden of proving that the proposed construction would adversely affect the public interest (ID). If the regulation could deprive the owner of the valuable use of his property, said regulation would be invalid absent proof of an overriding public necessity.

The Appellees have not established their burden that the width requirement is necessary to protect the public interest. The width requirement, without a proper basis in the record, amounts to a taking of private property without compensation. When an owner of property is deprived of its beneficial use by the application of a zoning ordinance an attack on the validity of the ordinance as applied to the particular property involved will be sustained. *Ocean Villa Apts. Inc. v. City of Fort Lauderdale*, 70 So.2d 901 (Fla. 1954).

REVERSED as to zoning requirement #2.